UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RUSSELL GRANT FINNEGAN,

    Plaintiff,

        v.           CAUSE NO. 3:24-CV-197-JD-APR

MATTHEW E. SARBER, et al.,

    Defendants.

OPINION AND ORDER

Russell Grant Finnegan, a prisoner without a lawyer, filed a complaint. ECF 2. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the complaint, Finnegan asserts claims against eleven defendants in connection with three State court proceedings. First, he asserts a series of claims against Prosecutor Sarber, Judge Shurn, and Administrative Clerk Behny in connection with State criminal case No. 66C01-1910-F3-14. Specifically, he alleges that, on June 1, 2020, Prosecutor Sarber wrongfully initiated the case against him, that, on the same day,

Judge Shurn wrongfully issued an arrest warrant and set excessive bail, and that Administrative Clerk Behny assisted them by filing fraudulent documents.

Review of the State court docket reveals that Finnegan was convicted and sentenced in Case No. 66C01-1910-F3-14 and that the conviction has not been invalidated. Therefore, Finnegan may not proceed against Prosecutor Sarber for wrongfully initiating that criminal case against him. *See Polzin v. Gage*, 636 F.3d 834, 836 (7th Cir. 2011) ("[A]rguments attacking the validity of a conviction cannot be advanced under § 1983 unless the conviction or sentence previously has been invalidated.") (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)).

The allegations of issuing an arrest warrant, setting bail, or filing documents do not relate to the validity of the sentence or conviction, but these alleged acts occurred in June 2020. The applicable statute of limitations requires plaintiffs to file lawsuits within two years of the date on which the injury occurred. *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). As a result, the limitations period expired in June 2022. Finnegan did not file the initial complaint in this case until March 4, 2024. Therefore, the claims against Judge Shurn and Administrative Clerk Behny in connection with Case No. 66C01-1910-F3-14 are untimely.

These claims are also barred by judicial immunity. *See Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011) ("A judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction."); *Snyder v. Nolen*, 380 F.3d 279, 287 (7th Cir. 2004) ("[W]hen functions that are more administrative in character have been undertaken pursuant to the explicit direction of a judicial officer, we have held that that

officer's immunity is also available to the subordinate."). Though Finnegan alleges that Judge Shurn lacked jurisdiction to issue any rulings, the court disregards these allegations because they are conclusory. *See McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) ("In reviewing the sufficiency of a complaint under the plausibility standard . . ., we accept the well-pleaded facts in the complaint as true, but legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth. After excising the allegations not entitled to the presumption, we determine whether the remaining factual allegations plausibly suggest an entitlement to relief.").

Next, Finnegan asserts a series of claims against Judge Kocher, Deputy Sheriff Pickens, Investigator Morphet, and Dr. Kurzejka in connection with an emergency detention proceeding in which he was found to be dangerous and was committed to a psychiatric hospital. This proceeding culminated in his release from the psychiatric hospital on December 22, 2020. Finnegan may not proceed on these claims because they are untimely and because judicial immunity bars the claim against Judge Kocher.

Finally, Finnegan asserts a series of claims in connection with Case No. 66D01-2005-F5-10. Specifically, he asserts constitutional claims against Attorney Achey for failing to properly represent him during pretrial proceedings and against Attorney Ballard for failing to properly represent him during sentencing proceedings in violation of his Sixth Amendment right to counsel. He asserts a claim against Prosecutor Sarber for moving to stay proceedings pending a competency evaluation and asserts a claim against Judge Hall for ordering a competency hearing and for denying his demand for a

speedy trial. He also asserts a claim against Prosecutor Fleming for accepting appointment as a special prosecutor.

Judicial immunity bars the claim against Judge Hall. Though Finnegan suggests that the appointment of Judge Hall as a special judge did not strictly comply with the appropriate procedures, the Indiana Rules of Trial Procedure allow for the appointment of judges from contiguous counties.[1] Ind. R. Tr. P. R. 79(H). Further, on July 2, 2020, Judge Hall filed an oath accepting jurisdiction, and it is "the filing of an acceptance vests jurisdiction in the special judge." Ind. R. Tr. P. R. 79(D). As a result, the court cannot find that Judge Hall acted in absence of all jurisdiction.

Similarly, prosecutorial immunity bars the claims against Prosecutor Sarbey and Prosecutor Fleming. *See Rehberg v. Paulk*, 566 U.S. 356, 363 (2012) ("[A]ctions taken by prosecutors in their role as advocates . . . are absolutely immune from liability for damages under § 1983."); *Fields v. Wharrie*, 672 F.3d 505, 510 (7th Cir. 2012) ("A prosecutor is absolutely immune from suit for all actions and decisions undertaken in furtherance of his prosecutorial duties."). Additionally, the claims against Attorney Achey and Attorney Ballard, if proven true, would mean that Finnegan received ineffective assistance of trial counsel, which would undermine the validity of his conviction. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (an ineffective assistance of trial counsel claim "requires showing that counsel's errors were so serious as to

---

[1] Succinctly, Case No. 66D01-2005-F5-10 was filed in Pulaski Superior Court, and Judge Kim Hall serves as a judge in Starke County, which is adjacent to Pulaski County. *See* Starke Circuit Court, *Judge/Court Staff,* https://starkecircuitcourt.com/judge-court-staff/ (last visited May 23, 2025).

deprive the defendant of a fair trial, a trial whose result is reliable."); *Petrunak v. Krofta*, 858 F. App'x 922, 925 (7th Cir. 2021) (ineffective assistance of trial counsel claim barred by *Heck* doctrine). Case No. 66D01-2005-F5-10 has not been invalidated. Consequently, the *Heck* doctrine bars the claims against Attorney Achey and Attorney Ballard.

In sum, the complaint does not plausibly state a claim upon which relief may be granted. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on May 27, 2025

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT